IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CR-54-WKW |
| | ) | [WO] |
| JOSHUA DRAKE HOWARD | ) | |

## **MEMORANDUM OPINION**

On February 26, 2020, Defendant Joshua Drake Howard was sentenced after having pled guilty to one count of possession with intent to distribute methamphetamine (Count 1 of the Indictment) in violation of 21 U.S.C. § 841(a), one count of possession of a firearm in furtherance of a drug trafficking crime (Count 2) in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm with an obliterated serial number (Count 5) in violation of 18 U.S.C. § 922(k). At sentencing, two counts of being a felon in possession of a firearm (Counts 3 and 4) in violation of 18 U.S.C. § 922(g) were dismissed pursuant to a plea agreement. The conduct charged in Counts 1, 2, and 3 occurred on February 22, 2018, and the conduct charged in Counts 4 and 5 occurred on July 13, 2018. During the offense conduct underlying Counts 1, 2, and 3, Defendant was found in a vehicle and was found in possession of two firearms despite being previously convicted of a felony. He was also found in possession of ammunition, methamphetamine, a digital scale,

and unused clear bags.  During the offense conduct underlying Counts 4 and 5, Defendant was found in a vehicle and found in possession of one firearm with an obliterated serial number, a small amount of methamphetamine, and four tablets of amphetamine.

At sentencing, Defendant first objected to the Presentence Report's allegation that he admitted ownership of the Raven .25 caliber, semi-automatic handgun, which was found hidden inside of a tactical bag located inside Defendant's vehicle at the time of his February 22, 2018 arrest.  The tactical bag also contained 9mm ammunition (compatible with a handgun found in the vehicle door, which was explicitly claimed by Defendant), methamphetamine, a digital scale, and unused clear bags.  Defendant was questioned by law enforcement officers immediately after that arrest.  Law enforcement later discovered this handgun in a secret compartment within the bag.  Because this discovery had not been made before Defendant's interview, Defendant was not specifically asked about that firearm.  However, Defendant's counsel did not dispute the truth of the Presentence Report's claim that Defendant "admitted that the tactical bag, along with all of its contents, were his."  (Doc. # 77, at ¶ 9.)  There was no evidence indicating that the handgun inside Defendant's bag belonged to anyone other than Defendant.  Therefore, this objection was overruled.

After the finding that Defendant possessed the contested firearm, the Government argued that the enhancement for an offense involving multiple firearms, U.S.S.G. § 2K2.1(b)(1)(A) (increasing the offense level by 2 if the offense involved 3 to 7 firearms), should apply to the Guidelines calculation for Counts 1 and 5. The Government argued that the firearms Mr. Howard possessed on February 22, 2018, were relevant conduct to the § 922(k) offense on July 13, 2018, under U.S.S.G. § 1B1.3(a)(2) because it was part of the same course of conduct as the offense of conviction. Mr. Howard objected to the enhancement, chiefly arguing that the offenses were too distant in time from each other. The court concluded that the enhancement was applicable for the reasons that follow.

Under the Sentencing Guidelines, relevant conduct includes offenses that meet both of the following two requirements. First, they are of a character for which U.S.S.G. § 3D1.2(d) would require grouping of multiple counts. U.S.S.G. § 1B1.3(a)(2). Second, they are part of the same course of conduct or common scheme or plan as the offense of conviction. *Id.* The first requirement was met in this case because possession of the firearms in February of 2018 could have been charged as a § 922(g) offense—and, indeed, was so charged before that count was dismissed—which would have required grouping with Defendant's July 2018 § 922(k) offense. *See id.* § 1B1.3(a)(2), cmt. n.5(A) (stating that "this provision does not require the defendant, in fact, to have been convicted of multiple counts"); *id.* §

3

app. A, at 563 (indicating that offenses in violation of 18 U.S.C. § 922(a)–(p) are controlled by the § 2K2.1 guideline); *id.* § 3D1.2(d) (stating that offenses covered by the § 2K2.1 guideline are to be grouped).

Regarding the second requirement, the Sentencing Guidelines state, "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." *Id.* § 1B1.3 cmt. n. 5(B)(i). "Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 cmt. n. 5(B)(ii). The factors to be considered when determining when offenses are part of the same course of conduct are "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* "When one of these factors is absent, a stronger presence of at least one of the other factors is required." *Id.* The court must consider "whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated events that happen only to be similar in kind." *United States v.*

*Maxwell*, 34 F.3d 1006, 1011 (11th Cir. 1994) (internal quotation marks omitted) (quoting *United States v. Sykes*, 7 F.3d 1331, 1336 (7th Cir. 1993)).

In this case, the time interval between the two offenses, four months and twenty-two days, is relatively short, and several courts have found offenses with longer time intervals to be relevant to each other. *See United States v. Jones*, 367 F. App'x 109, 111–12 (11th Cir. 2010) (upholding a finding of relevant conduct when "the offense of conviction—possession of the revolver—and the relevant conduct—possession of the rifle—were both felon in possession offenses, occurring only ten months apart and where the defendant slept at the relevant time"); *United States v. Phillips*, 516 F.3d 479, 484–85 (6th Cir. 2008) (upholding a relevant conduct finding where the defendant's other two felon-in-possession offenses, one four years before the current offense and one two years after the current offense, were identical to the offense of conviction and where the defendant's repeated incidents of firearm possession were "connected by the common purpose of self-defense and suggest[ed] that he habitually carried firearms"); *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998) ("The fact that Santoro possessed the assault rifle and two other weapons within a six to nine month period is sufficient . . . .").

Regularity is at least minimally satisfied. *Compare United States v. Amerson*, 886 F.3d 568, 574 (6th Cir. 2018) ("[R]egularity is 'completely absent' where the government shows only one other offense." (quoting *United States v. Hill*, 79 F.3d

1477, 1483 (6th Cir. 1996))), *with Jones*, 367 F. App'x at 111–12 (affirming an enhancement without discussing regularity when two felon-in-possession offenses occurred within ten months). Even though the first offense did not involve a firearm with an obliterated serial number, Defendant twice possessed firearms unlawfully (both by possessing firearms subsequent to a felony conviction and by possessing a firearm that was unlawful for any person to possess).

While a § 922(g) offense is not identical to a § 922(k) offense, the similarity factor is still quite strong in this case when one considers the similarity of the circumstances surrounding each arrest. On both occasions Defendant was found in a vehicle that contained methamphetamine and at least one unlawfully possessed gun. The similarities between these offenses suggested a common purpose of participating in drug-related activities and a similar *modus operandi* of using illegally possessed firearms to do so. *See Phillips*, 516 F.3d at 485 n.5 (noting that "common purpose," while "listed as a factor to show a common scheme or plan under note [5(B)(i)] may also bolster the similarity factor in analyzing whether a prior offense is part of the same course of conduct as the offense of conviction" (all internal quotation marks omitted) (quoting *United States v. Hill*, 79 F.3d 1477, 1483 (6th Cir. 1996))). For these reasons, the firearms that were illegally possessed on February 22, 2018, were found to be part of the same course of conduct as the July 13, 2018 § 922(k) offense. Therefore, the objection was overruled.

DONE this 2nd day of March, 2020.

                                          /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE